# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JACK CHURCH,

        Plaintiff,

    v.

NAFTZGER,

        Defendant.

1:17-cv-00596-SKO (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL

(Doc. 16)

      Plaintiff, Jack Church, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion seeking appointment of counsel which was denied without prejudice on December 1, 2017. (*See* Docs. 14, 15.) On December 15, 2017, Plaintiff filed a motion requesting this judge reconsider appointing counsel. (Doc. 16.)

      Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior

1

motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff states that he previously pursued his claims against Defendant Naftzger via habeas corpus proceedings in the Fresno County Superior Court. (Doc. 16.) Plaintiff states that counsel was appointed for him in that action, handled everything for Plaintiff, and obtained a finding in Plaintiff's favor. (*Id.*) These facts were not presented in Plaintiff's first motion for appointment of counsel and Plaintiff does not explain why he did not present them in his initial motion. However, simply because counsel was appointed for Plaintiff in his state court action, does not require or even necessarily justify it here. Plaintiff has not demonstrated that this Court's denial without prejudice of Plaintiff's motion for appointment of counsel was clearly erroneous.

Plaintiff's First Amended Complaint is in line for screening. (Doc. 13.) The Court notes that Plaintiff's first pleading attempt successfully stated a cognizable claim and he chose to file an amended complaint rather than proceed on that claim. (*See* Docs. 10, 13.) Thus, at this stage, it cannot be said that Plaintiff is incapable of adequately representing his own interests in this action.

As stated in the Magistrate Judge's order denying appointment of counsel, Plaintiff does not have a right to appointed counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). This Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989), and exceptional circumstances are not present at this time for the Court to seek voluntary assistance of counsel pursuant to section 1915(e)(1), *Rand*, 113 F.3d at 1525.

2

Plaintiff's trepidation with pursuing this case on his own, while understandable, is not sufficient grounds for reconsideration of this Court's order denying appointment of counsel without prejudice. Nothing in this Court's orders prohibit Plaintiff from contacting counsel who represented him in the state court action, or from contacting other counsel to request their services in this action. If Plaintiff's prior counsel is willing to represent Plaintiff in this action, the Court will consider a motion for his appointment or will approve a substitution for that attorney to act as Plaintiff's legal representative in this action. Finally, while the Court wishes it were able to appoint counsel for all indigent *pro se* litigants who desire representation, there is a shortage of attorneys who are willing to undertake such appointments.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review. Having carefully reviewed the entire file, the Court finds the order denying Plaintiff's request for appointment of counsel that issued on December 1, 2017, (Doc. 15), to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for reconsideration of the order denying Plaintiff's motion for appointment of counsel in this case, filed December 15, 2017, (Doc. 16), is **HEREBY DENIED**.

IT IS SO ORDERED.

Dated: __December 19, 2017__                                  __/s/ *Sheila K. Oberto*__
                                                               UNITED STATES MAGISTRATE JUDGE