# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CHURCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. NAFTZGER, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00596-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR PLAINTIFF TO PROCEED ON DUE PROCESS CLAIM AGAINST NAFTZGER IN THE ORIGINAL COMPLAINT, ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED AND FIRST AMENDED COMPLAINT BE STRICKEN FROM THE RECORD**<br><br>**(Docs. 1, 9, 13)**<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION** |

　　　　On October 19, 2017, the Court issued the first screening order and found that Plaintiff stated a cognizable due process claim against Officer J. Naftzger in the Complaint. (Docs. 1, 10.) That order noted that Plaintiff might be able to correct the deficiencies in his pleading on other claims and gave Plaintiff the choice to either file a first amended complaint correcting deficiencies noted on his other claims, or to advise the Court if he desired to proceed on his due process claim against C/O Naftzger.

　　　　In response, Plaintiff filed the First Amended Complaint. (Doc. 13.) However, instead of attempting to cure the deficiencies noted in the first screening order, Plaintiff identifies C/O Naftzger as the only defendant and states that he wants the FAC to supplement his original

1

Complaint to include a claim against Naftzger for forcing him to work despite knowing that Plaintiff was injured. (*Id.*, p. 3.) For the reasons discussed below, Plaintiff's new claim against Naftzger is not cognizable. Since Plaintiff chose to attempt to add an uncognizable claim, rather than attempt to correct the deficiencies previously identified, the Court presumes that he is unable to cure the deficiencies. Thus, the Court recommends that he should be permitted to proceed on his due process claim against Naftzger as stated in the original complaint, that all other claims and defendants should be dismissed and the First Amended Complaint should be stricken.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

**2.     Linkage Requirement**

Under the Civil Rights Act (42 U.S.C. § 1983), the complaint must allege an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff's pleading must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

## FINDINGS

### A. The original complaint (Doc. 1)

Plaintiff alleges that when he was housed at Pleasant Valley State Prison ("PVSP"), J. Naftzger filed a false disciplinary chrono against Plaintiff which resulted in Plaintiff's loss of property, day room activities, use of the telephone, and credits which caused Plaintiff to suffer emotional distress, personal injury, and depression. Plaintiff alleges that he filed an inmate appeal which Warden Scott Frauenheim reviewed but denied.

Plaintiff's allegations in the original complaint state a cognizable due process claim against Naftzger, upon which he should be allowed to proceed for nominal damages. However, as discussed below, Plaintiff fails to state a cognizable claim against Warden Frauenheim and fails to state factual allegations to show that he suffered more than mental or emotional injuries as a result of either defendants' actions. Absent physical injury, he cannot obtain damages for emotion damages.

#### 1. Plaintiff's claim against Naftzger

Due process requires disciplinary decisions to be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek, III v. Oregon Bd. Of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *see Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) The standard is not particularly stringent and the relevant inquiry is merely whether "there is any evidence in the record that could support the conclusion reached . . . ." *Id.* at 455-56. However,

4

while the due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, the "some evidence" standard need not be met where an original rules violation report is false. *Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997). Thus, Plaintiff's allegations that Officer Naftzger filed a false disciplinary chrono against him state a cognizable due process claim.

Further, Plaintiff has successfully invalidated the guilty finding against him under Naftzger's false disciplinary chrono. (Doc. 1, pp. 11-13.) Thus, this claim is not barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (which extended *Heck* rule to § 1983 claims that, if successful, would imply the invalidity of deprivations of good-time credits provided for by prison disciplinary proceedings).

### 2. Plaintiff's Claim Against Warden Frauenheim

"[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). Such knowledge and acquiescence may be shown via the inmate appeals process where the supervisor was involved in reviewing Plaintiff's applicable inmate appeal and failed to take corrective action which allowed the violation to continue. A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably

should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Though Plaintiff alleges that Warden Frauenheim denied his inmate appeal in which Plaintiff sought to overturn the disciplinary finding, Plaintiff does not state any allegations on which to find that Warden Frauenheim knew or should have known that Naftzger's chrono was false. Thus, Plaintiff's allegations do not state a cognizable claim against Warden Frauenheim. Since Plaintiff elected not to amend his allegations on this claim, Warden Frauenheim and this claim should be dismissed with prejudice.

### 3. **Plaintiff's Requested Damages**

#### a. **Mental or Emotional Injuries**

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). Thus, Plaintiff may not pursue damages for mental or emotional injuries as he alleges neither physical injury, nor sexual assault; nor do any of his factual allegations even remotely imply that he sustained any such injuries by Defendant's actions.

#### b. **Compensatory Damages**

"[T]he basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254 (1978). For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. *Id.,* at 264; *accord*, *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986). However, "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Carey*, 435 U.S. at 266. Nominal damage awards for

the "absolute" right to procedural due process "recognizes the importance to organized society that [this] righ[t] be scrupulously observed" while "remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury." *Id.* Thus, Plaintiff may pursue and receive an award of nominal damages for the violation of his right to procedural due process, but should not be allowed to pursue compensatory damages since he alleges no actual injury. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

### B. The First Amended Complaint (Doc. 13)

In the First Amended Complaint, Plaintiff names Naftzger as the only defendant and alleges that he informed Naftzger that he was unable to perform his work assignment as a kitchen worker. (Doc. 13, p. 3, citing Exh. 1.) Plaintiff alleges that he had a "medical lay-in" excusing him from work. (*Id.*, citing Exh. 2.) Plaintiff alleges that he continued to inform Naftzger "of the problem," but that while Naftzger acknowledged it, he refused to allow Plaintiff any relief. (*Id.*, citing Exh. 3.) Plaintiff alleges that he suffered severe injury to his hand when Naftzger forced him to work despite Plaintiff's inability to do so. (*Id.*, at pp. 3-4.) Plaintiff seeks to add this claim to his due process claim against Naftzger and one million dollars in compensatory and punitive damages. (*Id.*, at p. 5.)

#### 1. Deliberate Indifference

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical

7

condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." *Farmer*, at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*, at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*, at 836-37.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson*, 290 F.3d at 1188).

There are a number of Ninth Circuit cases finding liability under the Eighth Amendment when prison officials act contrary to physicians' orders. *See e.g. Estelle v. Gamble*, 429 U.S. at 104-05 (liability for interfering "with treatment once prescribed"); *Hamilton v. Endell*, 981 F.2d

8

1062, 1066 (9th Cir. 1992) (reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders); *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curium) (reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had been specifically alerted by private treating physician); *Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970) (finding cognizable claim for deliberate indifference where warden refused to authorize prisoner's receipt of medicine that had been previously prescribed by a physician).

Likewise the Courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan. *See e.g. White v. Napoleon*, 897 F.2d 103 (3rd Cir. 1990) (finding cognizable claim for deliberate indifference where prison officials ignored private hospital's treatment orders and refused inmate's access to prescribed medication); *Gill v. Mooney*, 824 F.2d 192 (2nd Cir. 1987) (finding cognizable claim where prison officials refused to permit plaintiff to participate in exercise program prescribed by doctor); *Eades v. Thompson*, 823 F.2d 1055 (7th Cir. 1987) (finding cognizable claim where prisoner alleged that prison officials made him travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders); *Martinez v. Mancusi*, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with approval by *Estelle*, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should not be moved).

Plaintiff's exhibits illuminate a few glaring deficiencies in his claim that Naftzger required him to work when he had a medical lay-in excusing it. Plaintiff's first exhibit shows that, on March 21, 2014, Plaintiff submitted a request for interview for a day off from working due to exacerbation of a previous work injury. (Doc. 13, Exh. 1, p. 7.) However, exhibit 2, which Plaintiff refers to as proof that Naftzger wrongly forced him to work, is a medical lay-in confining Plaintiff to bed for meals and medications from April 6, 2015 - April 20, 2015. (*Id.*, Exh. 2, p. 9.) Naftzger would not have been deliberately indifferent to Plaintiff's serious medical needs by forcing him to work in March 2014 when Plaintiff's medical lay-in excused him from work in

April of 2015. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994) (The Eighth Amendment does not apply where prisoners have been required to work unless they are compelled to perform physical labor beyond their physical limitations.) Likewise, Naftzger would not have been deliberately indifferent to Plaintiff's serious medical needs by forcing him to work in May 2014, as reflected in Plaintiff's third exhibit (*id.*, Exh. 3, p. 11) when Plaintiff's medical lay-in excused him from work in April 2015.[1]

The Court need not accept as true "allegations that contradict exhibits attached to the Complaint . . . or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) citing *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Plaintiff's allegations that Naftzger required him to work when Plaintiff had a medical lay in excusing it contradict the exhibits attached to the FAC. Plaintiff's exhibits show that, though Plaintiff did have a medical lay-in in April 2015 it did not cover either March or May 2014, when Plaintiff's exhibits show he was disputing his ability to work with Naftzger. Thus, Plaintiff fails to state a cognizable claim against Naftzger for deliberate indifference to his serious medical needs on Plaintiff's allegations that he forced Plaintiff to work when Plaintiff was allegedly excused by a medical lay-in.

Further, this new claim against Naftzger exceeds the leave to amend given in the first screening order where Plaintiff was explicitly informed that the FAC must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220 and prohibited changing the nature of this suit by adding new, unrelated claims in a first amended complaint. (*See* Doc. 10, p. 9, citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).) Thus, Plaintiff should not be extended leave to amend this claim against C/O Naftzger.

## **RECOMMENDATIONS**

Plaintiff's complaint (Doc. 1) states cognizable due process claim against C/O Naftzger upon which he should be allowed to proceed. However, none of the rest of Plaintiff's claims,

---

[1] Even if the doctor mistakenly affixed the wrong year to his order—writing 2015 when he meant 2014—the medical lay-in *still* would not correspond to the days at issue.

either in the complaint, or in the FAC (Doc. 13) are cognizable. All other claims and defendants should be dismissed with prejudice and the FAC should be stricken. Plaintiff was provided the pleading and legal standards for his claim in the complaint against Warden Frauenheim, but chose not to amend that claim. Further, the deficiencies in Plaintiff's deliberate indifference claim against Naftzger in the FAC are not capable of correction through amendment. Thus, leave to amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, based on the foregoing, the Court **RECOMMENDS**:

1. This action should proceed on Plaintiff's due process claim against Naftzger in the original complaint (Doc. 1);
2. All other claims and defendants should be dismissed with prejudice; and
3. The First Amended Complaint (Doc. 13) should be stricken from the record in this action.

The Clerk of the Court is directed to assign a District Judge to this action. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Alternatively, if Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **March 29, 2018**           /s/ Jennifer L. Thurston
                              UNITED STATES MAGISTRATE JUDGE

11