# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CHURCH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>J. NAFTZGER,<br><br>　　　　　　Defendant. | Case No. 1:17-cv-00596-AWI-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION FOR PLAINTIFF TO PROCEED ON DUE PROCESS CLAIM AGAINST NAFTZGER IN THE ORIGINAL COMPLAINT, ALL OTHER CLAIMS AND DEFENDANTS ARE DISMISSED, AND THE FIRST AMENDED COMPLAINT IS STRICKEN FROM THE RECORD**<br><br>**(Docs. 1, 9, 13, 19)** |

　　　　Plaintiff, Jack Church, is a state prisoner proceeding *pro se* and *in forma pauperis* in this in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　The Magistrate Judge issued the first screening order and found that Plaintiff stated a cognizable due process claim against Officer J. Naftzger in the original Complaint. (Docs. 1, 10.) That order noted that Plaintiff might be able to correct the deficiencies in his pleading on other claims and gave Plaintiff the choice to either file a first amended complaint correcting deficiencies noted on his other claims, or to advise the Court if he desired to proceed solely on his procedural due process claim against Naftzger. (Doc. 10.) In response, Plaintiff filed the First Amended Complaint. (Doc. 13.) However, instead of attempting to cure the deficiencies noted in the first screening order, Plaintiff names Naftzger as the only defendant and stated his desire for the FAC to supplement his original Complaint to include a claim against Naftzger for forcing him to work despite knowing that Plaintiff was injured. (*Id.*, p. 3.)

1

On March 29, 2018, the Magistrate Judge issued Findings and Recommendations that Plaintiff's new claim against Naftzger in the FAC was not cognizable and he should be permitted to proceed on his due process claim against Naftzger as stated in the original Complaint, all other claims and Defendants should be dismissed, and the First Amended Complaint should be stricken. (Doc. 19.) The Findings and Recommendation was served that same date and allowed for filing of objections within twenty-one days. (*Id.*) Plaintiff filed timely objections in which he only objects to being restricted to nominal damages on his due process claim against Naftzger, but does not object to dismissal of all other claims and Defendants, nor to the First Amended Complaint being stricken from the record. (Doc. 20.)

Plaintiff argues that he should be allowed to proceed on his due process claim against Naftzger for compensatory and punitive damages, since he requested as much in both the original Complaint and the FAC. Plaintiff cites various cases were the plaintiffs were allowed to proceed for punitive damages, but none of the cases cited by Plaintiff allow for punitive damages, or anything beyond nominal damages on only a procedural due process claim. As correctly stated in the Findings and Recommendations, "the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254 (1978). For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. *Id.,* at 264; *accord*, *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986). However, "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Carey*, 435 U.S. at 266. Nominal damage awards for the "absolute" right to procedural due process "recognizes the importance to organized society that [this] righ[t] be scrupulously observed" while "remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury." *Id.* Thus, Plaintiff may pursue and receive an award of nominal damages for the violation of his right to procedural due process, but is not allowed to pursue compensatory or punitive damages since he alleges no basis to have incurred actual injury based on Naftzger's unconstitutional conduct. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

/ / /

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on March 29, 2018, (Doc. 19), is adopted in full;
2. This action shall proceed solely for nominal damages on Plaintiff's procedural due process claim against J. Naftzger as stated in the original Complaint (Doc. 1);
3. All other claims and Defendants are dismissed with prejudice from this action;
4. The First Amended Complaint (Doc. 13) is STRICKEN from the record in this action; and
5. The action is referred to the Magistrate Judge for further proceedings in accordance with this order.

IT IS SO ORDERED.

Dated:   July 9, 2018

SENIOR DISTRICT JUDGE