# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CHURCH,<br><br>    Plaintiff,<br><br>v.<br><br>J. NAFTZGER,<br><br>    Defendant. | Case No. 1:17-cv-00596-AWI-JLT (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>(Doc. 42)<br><br>30-DAY DEADLINE |

On July 11, 2019, Defendant filed a motion to compel production of documents. (Doc. 42.) Defendant bases this motion on Plaintiff's failure to produce documents to various of Defendant's requests for production despite indicating that they were in his custody or under his control in his deposition. (*Id.*) Plaintiff indicated in his deposition that he did not produce the documents in question because he did not receive a page of Defendant's propounded discovery, so Defendant reserved the discovery on Plaintiff. (*Id.*) Rather than producing the requested documents, Plaintiff mailed Defendant letter in which he stated that "documents Defendant seek in the requests are in the possession, custody, or control of CDCR," and that Defendant's attorney has "full and unfettered access to any and all records in concern of this suit;" that Defendant's attorney of record's colleague "possessed a full and complete record of proceedings that constitute the basis of this instant suit;" and that Plaintiff is "unable to meet discovery demands" as he is "unrepresented by any counsel" and is "not receiving any cooperation with any official in

obtaining his prison records." (*Id.*) As of the date the motion was filed, Defendant has not received any additional documents from Plaintiff. (*Id.*) Plaintiff has not filed an opposition to Defendant's motion and the time to do so has passed. The motion is deemed submitted. L.R. 230(*l*).

Parties are entitled to seek discovery of any non-privileged matter that is relevant to any claim and/or defense in the action. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This defines the scope of discovery in federal civil litigation in general. The party responding to discovery requests shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). Hyper-technical, quibbling, or evasive objections are not viewed with favor.

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). A deposition notice may be accompanied by a request for production at the deposition of documents and tangible things under Rule 34. Fed. R. Civ. P. 30(b)(2).

Plaintiff confirmed in his deposition that he had documents in his possession, custody, and control that were responsive to Defendant's request for production of documents numbers one, three, four, five, and eight. Plaintiff's deposition testimony thus negates the objections raised in his correspondence which responded to Defendant's reserved request for production. His objections are evasive and are overruled. Defendant is entitled to the documents in Plaintiff's possession, custody, or control that are responsive to the enumerated requests for production of documents. Accordingly, the Court **ORDERS**:

    1.    Defendant's motion to compel Plaintiff to produce documents responsive to the request for production of documents served with the notice of Plaintiff's

deposition, filed July 11, 2019 (Doc. 42), is GRANTED; and

2. **<u>Within 30 days</u>** of the date of this order, Plaintiff is ordered to serve responses to requests one, three, four, five, and eight of Defendant's request for production of documents.

IT IS SO ORDERED.

Dated: **September 4, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE