UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CHURCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. NAFTZGER,<br><br>　　　　　Defendant. | Case No.: 1:17-cv-00596-AWI-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DENYING MOTION TO STRIKE<br><br>(Docs. 43, 48, 53, 55) |

　　　　Plaintiff Jack Church is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff's sole operative claim is for an alleged procedural due process violation under 42 U.S.C. § 1983. (Doc. 21 at 3.) This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 29, 2019, Defendant J. Naftzger filed a motion for summary judgment. (Doc. 43.) Plaintiff filed an opposition and cross-moved for summary judgment. (Doc. 48.) Plaintiff also filed a motion to strike "Defendant's changed pleadings," i.e., Defendant's reply to Plaintiff's opposition. (Doc. 53.)

　　　　On November 5, 2019, the assigned magistrate judge issued findings and recommendations to grant Defendant's motion for summary judgement, deny Plaintiff's cross-motion for summary judgment, and deny Plaintiff's motion to strike. (Doc. 55.) The magistrate judge found that, according to the uncontested facts, Plaintiff did not suffer a due process

1   violation. (*See id.* at 1-2, 9-11.) The magistrate judge also found that, in his reply, Defendant only
2   addressed issues raised in his motion for summary judgment and in Plaintiff's opposition; thus,
3   his reply was proper. (*See id.* at 11.)

4   Plaintiff filed objections on December 27, 2019, to which Defendant filed a reply. (Docs.
5   58, 59.) Plaintiff argues that the Court should not dismiss this action "because he failed to
6   articulate and state a properly stated claim," and Federal Rule of Civil Procedure 15 and the
7   liberal pleading standards for *pro se* litigants oblige the Court to grant him leave to amend his
8   complaint. (Doc. 58 at 1-2.) Plaintiff states that, had he properly drafted his complaint, he would
9   have included a claim that "Defendants acted with … deliberate indifference to his medical
10  condition." (*Id.* at 2.) Plaintiff does not address the findings regarding his motion to strike.

11  The Court does not find it proper to allow Plaintiff to amend his complaint at this late
12  stage of litigation. Plaintiff filed this action in April of 2017, and the deadline for parties to amend
13  their pleadings and complete discovery expired on July 11, 2019. (Docs. 1, 29). Thus, the Court
14  would be required to reopen discovery and significantly delay this action if it were to grant
15  Plaintiff leave to amend. See Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986
16  (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a
17  district court's finding of prejudice from a delayed motion to amend the complaint.").
18  Furthermore, Plaintiff attempted to raise a deliberate indifference claim in his first amended
19  complaint, but the Court found it incognizable and ordered it dismissed. (See Doc. No. 21 at 3;
20  see also Doc. No. 19 at 7-10.)  Further, Plaintiff fails to articulate any facts that support a
21  cognizable claim as part of his objections.  This suggests futility.  Therefore, the Court finds that
22  Plaintiff's has failed to demonstrate that permitting an amendment at this late juncture is
23  appropriate; his request will be denied.  See Lockheed Martin Corp., 194 F.3d at 986.

24  Regarding Plaintiff's due process claim, the magistrate judge did not recommend
25  dismissal because Plaintiff failed to properly state a claim on which relief can be granted. The
26  magistrate judge already found that Plaintiff stated a viable due process claim in its first screening
27  order. (Doc. 10.) Rather, the magistrate judge found that that *undisputed facts* show that Plaintiff
28  did not suffer a due process violation under federal law. (Doc. 55 at 10-11.)

Plaintiff also argues that Defendant should not be subject to qualified immunity. (Doc. 58 at 3.) However, the magistrate judge did not reach the issue of qualified immunity because it found that Plaintiff's due process rights were not violated. (Doc. 55 at 5.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on November 5, 2019, (Doc. 55), are ADOPTED in full;
2. Defendant's motion for summary judgment, (Doc. 43), is GRANTED;
3. Plaintiff's motion for summary judgment, (Doc. 48), is DENIED;
4. Plaintiff's motion to strike, (Doc. 53), is DENIED; and,
5. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 17, 2020                                    _____
                                                               SENIOR DISTRICT JUDGE